```
    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                          CENTRAL DIVISION
```

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DARYL PETERSON,                )        Case No. 2:07CV00054DS

        Plaintiff,     )

    vs.                        )
                                  MEMORANDUM DECISION
                                    AND ORDER

LUNA BRONZE, L.C.,             )

        Defendants.    )

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**I. INTRODUCTION**

Daryl Peterson, an artist and sculptor, is in a dispute with Luna Bronze, L.C., over the copyright ownership of certain sculptures as well as other issues. Luna Bronze has moved the Court for summary judgment on Plaintiff's Fourth, Fifth and Sixth Claims for Relief on the grounds that "Plaintiff failed and refused to disclose his alleged copyright interest in sculptures known as Journey of a Trapper, Land of Milk and Honey, and Blackfoot Ambush which precludes him under the doctrine of judicial estoppel, from pursuing rights and interest in those works in this action." Mot. at 1-2.

**II.  SUMMARY JUDGEMENT STANDARD**

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. The

burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[1]  *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  This burden has two distinct components:  an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party.  *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law. *Id.*  In considering a motion for summary judgment, the record must be viewed in a light most favorable to the non-moving party. Celotex, 477 U.S. at 322.

### III.  DISCUSSION

The basis for Luna Bronze's Motion is that because Peterson failed to disclose his copyright interests in existing sculptures

---

[1] Whether a fact is material is determined by looking to relevant substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

known as Journey of a Trapper, Land of Milk and Honey and Blackfoot Ambush in his 2005 bankruptcy statements and schedules, he is judicially estopped from pursuing his present claims for conversion/trespass to chattel, breach of contract, and intentional interference with economic relations, which allegedly concern Peterson's ownership and copyright interests of the above works.

Peterson avers that he did not have any copyright registrations in 2005, and that he acted in good faith.  He admits that at the time of his bankruptcy petition he had "some molds and other accoutrements to his art.  He asked his bankruptcy attorney whether the molds should be included in his list of assets and was told by the attorney that he 'was not sure.'  Peterson was unaware that his unregistered copyrights in art needed to be scheduled." Mem. Opp'n at 4.

"Judicial estoppel is an equitable doctrine designed to protect the integrity of the court system." *In re Riazuddin*, 363 B. R. 177,185 (10th Cir. BAP 2007).  In applying the doctrine of judicial estoppel, the Tenth Circuit instructs as follows:

> Though there is no precise formula, in order to determine whether to apply judicial estoppel, courts typically inquire as to whether: 1)a party's later position is clearly inconsistent with its earlier position; 2)a party has persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or second court was misled'; and 3)the party seeking to assert the inconsistent position would derive an unfair advantage if not estopped. ... 'Because of the harsh results attendant with precluding a party from asserting a position that

>would normally be available to the party, judicial estoppel must be applied with caution.'"

*Bradford v. Wiggins*, 516 F.3d 1189, 1194 (10th Cir. 2008)(citations omitted).  While inadvertence or mistake may allow a party to resist application of the doctrine, it has also been held in a bankruptcy context that "[w]here a debtor has both knowledge of the claims and a motive to conceal them, courts routinely, albeit at times *sub silentio*, infer deliberate manipulation."  *Eastman v. Union Pacific Railroad Co.*, 493 F.3d 1151, 1157 (10th Cir. 2007).

Based on the record before it, the Court is not persuaded that Luna Bronze, as the moving party, has met its burden of proof and persuasion that Peterson's present position is inconsistent with his earlier position.  Peterson has averred that he did not have any copyright registrations in 2005, when his bankruptcy petition was filed.  Luna Bronze has not countered with any legal authority or argument why Plaintiff was under a duty on his bankruptcy schedules to disclose copyrights for which he did not have registrations.

Moreover, Peterson states that he inquired of his bankruptcy counsel whether his "molds should be included in the list of assets and was told he was not sure." Peterson Aff. ¶ 4.  "[T]he position to be estopped must generally be one of fact rather than of law or legal theory."  *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005).  The record here is insufficient for the Court to make such a determination.

Even if Peterson were under a legal duty to list an unregistered copyright, in the Court's view Luna Bronze has not established that Peterson will receive an unfair benefit from his failure to disclose that on his bankruptcy schedules. See *In re Riazuddin*, 363 B.R. at 186 (although "Debtors did receive a Chapter 7 discharge of their debts ... this discharge had no relation whatsoever to the assets they listed on their schedules. They would have received the same discharge whether [debtor's personal injury claim] ... was listed or not"). Neither can the Court find from the record before it that Peterson had both a knowledge of the claim and a motive to conceal it. See *Eastman*, 493 F.3d at 1157 (noting that for courts to find judicial estoppel based on the omission of assets in a bankruptcy case, there must be "both knowledge of the claims and a motive to conceal therm").

### IV. CONCLUSION

For the reasons stated, Luna Bronze's Motion for Summary Judgment (Doc. # 22) is denied. IT IS SO ORDERED.

DATED this 13th day of August, 2008.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT